UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAUREN GOHL, As Next Friend of
J.G.,

       Plaintiff,

                                              Case No. 12-CV-15199

vs.

                                              HON. MARK A. GOLDSMITH

LIVONIA PUBLIC SCHOOLS, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (Dkt. 80)

### I.  INTRODUCTION

Before the Court is Plaintiff's motion for a protective order pursuant to Federal Rule of Civil Procedure 26 (Dkt. 80), wherein Plaintiff seeks to preclude Defendants from questioning Plaintiff's mother, Lauren Gohl, regarding her medical history and records.  Defendants filed a joint response brief (Dkt. 87) and Plaintiff did not file a reply brief.  The Court determines that oral argument would not aid the decisional process pursuant to Local Rule 7.1(f)(2) and considers the motion ripe.  For the reasons outlined below, the Court denies Plaintiff's motion.

### II.  BACKGROUND

This case arises out of the alleged abuse of Plaintiff at the hands of staff members at Livonia Public Schools.  The complaint in this action was originally filed on November 26, 2012 (Dkt. 1) and named Plaintiff and Gohl as the plaintiffs in this action.  Subsequently, Plaintiff's first amended complaint was filed on May 29, 2013 (Dkt. 37).  The caption of this complaint listed Gohl as being the "Next Friend of Plaintiff," but the body referenced her as being a named

plaintiff.  First Am. Compl. ¶ 1.  Both complaints stated that Gohl sought damages.

As the case progressed, Gohl participated in discovery.  Gohl responded to discovery requests and signed authorizations for the release of her medical records, without asserting any privilege.  See Gohl Answers to Def. Interrogs. (Dkts. 87-2) and Releases (87-3).  Gohl also was deposed on two different dates, December 18, 2013, and February 3, 2014.  See Gohl Dep. (Dkts. 80-2 and 80-3).

During the first session of her deposition in December 2013, defense counsel clarified whether Gohl was a plaintiff and Gohl's counsel, the same firm representing Plaintiff, emphatically affirmed that Gohl was indeed a plaintiff.  Gohl Dep. at 9-10 (Dkt. 80-2).  After this clarification, defense counsel asked Gohl questions about her medical history and medical records.  Gohl answered these questions without asserting any privilege.  See, e.g., id. at 84-86 (asking about a medical record that indicated illegal drug use) and 98-102 (inquiring about Gohl's use of Adderal).  Defendants did not complete their deposition of Gohl in December 2013, and had to continue the deposition in February 2014.  At the February session, defense counsel again inquired regarding Gohl's medical history, but Plaintiff's counsel objected and instructed Gohl not to answer.  Gohl Dep. at 240-241 (Dkt. 80-3).  Plaintiff's counsel insisted that Gohl was merely a "next of friend" and not a plaintiff.  Id. at 260.  After the conclusion of the deposition, the parties stipulated to the filing of a second amended complaint, see 3/11/14 Order (Dkt. 77), to make clear the Gohl was not a plaintiff, Second Am. Compl. (Dkt. 78).

Defendants, however, wish to continue the deposition of Gohl.  Plaintiff resists and has filed the instant motion for a protective order.

### III. ANALYSIS

Plaintiff's motion is made pursuant to Federal Rule of Civil Procedure 26(c), which

governs the entry of a protective order upon a showing of good cause.  Fed. R. Civ. P. 26(c)(1) (providing that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  Plaintiff argues that Gohl's medical records and medical history are subject to privilege, irrelevant, and more prejudicial than probative.  Pl. Br. at 9-15.  Additionally, Plaintiff maintains that Defendant had adequate opportunity for discovery.  Id. at 15-16.  In response, Defendants argue that Gohl's medical records and history are not privileged because, even if a privilege were to apply, Gohl has waived any privilege.  Defs. Br. 9-13.  Defendants also declare that the medical information is relevant and discoverable, id. at 13-18, and that Plaintiff has not demonstrated any other basis for the entry of a protective order.  Id. at 18-20.  Upon review of the parties' arguments and applicable law, the Court agrees with Defendants and rejects Plaintiff's arguments.

### A. Privilege

Plaintiff first argues that discovery relating to her treatment with mental health professionals should be privileged under the psychotherapist-patient privilege recognized by Jaffee v. Redmond, 518 U.S. 1, 15 (1996).  The Court rejects this argument because the issue here is not whether the privilege applies, but whether Gohl waived the privilege.  The Court concludes that she did.

Under Jaffee, the psychotherapist-patient privilege applies to "confidential communications" between a licensed psychotherapist or psychologist and patients "in the course of diagnosis or treatment."  Id.  Like other privileges, a patient may waive the privilege.  Id. at n.14.  The Sixth Circuit has held that "placing one's mental health at issue constitutes waiver of the privilege."  Simon v. Cook, 261 F. App'x 873, 886 (6th Cir. 2008).   A patient may also "waive the psychotherapist-patient privilege by knowingly and voluntarily relinquishing it," such

as through the execution of a waiver or release form.  United States v. Kokoski, 435 F. App'x
472, 476-477 (6th Cir. 2011).

Here, Plaintiff argues that Gohl has not waived the privilege because (i) she is no longer a
plaintiff claiming damages and placing her mental/emotional state in issue and (ii) she "has not
waived her privilege by willingly disclosing the information at issue."  Pl. Br. at 10.  It is true
that Gohl is no longer a plaintiff seeking damages for emotional distress.  But the Court finds
Gohl's other conduct constituted waiver.  Although not mentioned by Plaintiff in his brief, Gohl
executed three releases to Defendants for her patient information from (i) Henry Ford Health
System, (ii) University of Michigan Health System, (iii) UC San Diego Medical Center.
Releases (Dkt. 87-3).  Each bear her signature and were executed on September 15, 2013.  Id.
The Henry Ford and Michigan releases expressly provide that the medical records may contain
information relating to alcohol/drug use and "psychological and social work counseling."  Id.
The San Diego release is more general and provides for all "inpatient dictated records,"
"outpatient dictated records," and "drug & alcohol abuse treatment records."  Id.  These releases
constitute waiver.  Kokoski, 435 F. App'x at 477 ("[The plaintiff] waived the privilege, first, by
signing a waiver form authorizing the release of confidential information . . . .").

Gohl also testified at deposition with counsel regarding her alcohol and drug diagnoses
and treatment and emotional state following the birth of Plaintiff.  Gohl Dep.at 66-69, 94-97,
154-157.  This testimony demonstrates that Gohl knowingly and willingly, and with counsel
present, waived her psychotherapist-patient privilege.  Kokoski, 435 F. App'x at 476-477.

## B.  Relevance and Prejudice

Plaintiff argues that the information regarding Gohl's medical records and history is
"wholly irrelevant" under Federal Rule of Evidence 401 and more prejudicial than probative

under Federal Rule of Evidence 403.[1]  Pl. Br. at 11-15.  Plaintiff cites no other authority and his resort solely to the Federal Rules of Evidence is misplaced because this case is currently in the discovery phase.  Concepts of relevance and prejudice of evidence at trial are not pertinent to discovery.  Information sought during discovery must be relevant to "any party's claim or defense" and, while the information need not be admissible as evidence, it must be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  As the Sixth Circuit has recognized, the "scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  Lewis v. ACB Bus. Svcs., Inc., 135 F.3d 389, 402 (6th Cir. 1998).  Therefore, the Court must determine whether Gohl's medical information and records sought by Defendants would lead to the discovery of admissible evidence.

Plaintiff asserts that Gohl's medical records and history are irrelevant to the issues of causation and damages of Plaintiff's injuries and Gohl's competence to testify at trial.  Pl.'s Br. at 13.  As Defendants note, however, Gohl is the mother of Plaintiff and, apparently, her medical records reveal "fetal exposure" to the drugs Adderall and Ativan during her pregnancy of Plaintiff.  Gohl Dep. at 142, 146-147.  Defendants also observe that Gohl's medical records contain references to Plaintiff's condition and development.  Id. at 159-160, 211, 226.  The Court concludes that, in light of Plaintiff's seeking damages for physical and emotional damages and Plaintiff's interwoven medical history with Gohl, inquiry into Gohl's medical history and records

---

[1] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Courts, however, "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

is reasonably calculated to lead the discovery of admissible evidence.

Similarly, Gohl's medical records and history bear on her ability to testify credibly. Gohl, as Plaintiff's mother and next of friend, is a key witness for Plaintiff, who has a limited capacity to testify.[2]  Whether Gohl suffered from a mental condition and how it would impact her credibility is relevant for purposes of discovery.  See Groden v. Allen, No. 03-1685, 2004 WL 627496, at *1-2 (N.D. Tex. Mar. 25, 2004) ("Plaintiff's past medical or mental condition (including medical records relating to that condition) which could affect or have affected his memory or ability to testify, appears to be reasonably calculated to lead to the discovery of admissible evidence."); Mockler v. Skipper, No. 93-1117, 1994 WL 716002, at *3 (D. Or. Dec. 14, 1994) (deposition testimony regarding mental condition relating to fitness for work evaluation reasonably calculated to lead to admissible evidence).[3]  Therefore, the Court rejects Plaintiff's relevancy arguments.

### C.  Opportunity for Discovery

Plaintiff argues that Defendants have had adequate time for discovery because Gohl has

---

[2] The full extent of Plaintiff's limitations is unclear from the record before the Court, but the impairment appears significant.  According to the second amended complaint, Plaintiff is an elementary school student who suffers from unidentified cognitive impairments and hydrocephalus, has undergone at least seven brain surgeries, and has a retroperitoneal shunt implanted in his brain behind his right ear to drain excess cerebrospinal fluid from his brain. Second Am. Compl. ¶¶ 15, 18 (Dkt. 78).

[3] Plaintiff also argues that, if the Court does not grant a protective order, similar inquiries by defense counsel directed at the other next friends in the two other cases, which have coordinated discovery with this case, would be permissible. Pl. Br. at 12.  The Court rejects this conclusory argument because, as Defendants argue, Defs. Br. at 18, Gohl opened the door to this area of discovery by being a named plaintiff and waiving the psychotherapist-patient privilege.  Plaintiff also complains of the scope of Defendants' questioning, Pl. Br. at 12, because it addressed Gohl's sexual history and an abortion.  Plaintiff does not appear to be making an argument here. And to the extent that Plaintiff asserts a relevancy argument about the scope of discovery that has already occurred in the case, Plaintiff fails to recognize that, when Defendants initially deposed Gohl, she was a named plaintiff and the scope of discovery was undoubtedly greater.

had two deposition sessions totaling more than seven hours.  Pl. Br. at 15-16.  This argument

lacks merit.  Federal trial courts have discretion whether to order a continued deposition.  <u>Brooks</u>

<u>v. Charter Twp. of Clinton</u>, No. 12-CV-12880, 2014 WL 1319681, at *2 (E.D. Mich. Apr. 1,

2014) (exercising discretion pursuant to Federal Rule of Civil Procedure 30 to order continued

deposition).  Here, Plaintiff's counsel instructed Gohl to stop answering questions regarding her

medical records and history and defense counsel could not complete the examination of Gohl.

Gohl Dep. at 258-261.  As this line of questioning concerns matters reasonably calculated to lead

to discoverable evidence, the Court finds that Defendants have not had an adequate opportunity

for discovery.  <u>Brooks</u>, 2014 WL 1319681, at *2.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff has not demonstrated good cause and the motion

for a protective order is denied.  Within the August 15, 2014 fact discovery deadline, Defendants

may continue and conclude their deposition of Gohl.

SO ORDERED.

Dated:  May 5, 2014                                    s/Mark A. Goldsmith
     Flint, Michigan                              MARK A. GOLDSMITH
                                                United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2014.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                                Case Manager