UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN GOHL, as Next Friend of J.G.,

    Plaintiff,

v.

LIVONIA PUBLIC SCHOOLS, et al.,

    Defendants.

_____/

Case No. 12-cv-15199

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR LEAVE TO REVIEW THE CLERK'S
TAXATION OF COSTS (Dkt. 309)**

This matter is before the Court on Plaintiff's motion for leave to review the clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) (Dkt. 309). Defendants filed a response (Dkt. 310), and Plaintiff did not file a reply. Because oral argument will not aid the Court, the motion will be decided based solely on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). For the reasons discussed fully below, the Court denies Plaintiff's motion.

**I. BACKGROUND**

On November 26, 2012, Plaintiff Lauren Gohl, as next friend of her son J.G., filed this civil rights action, alleging that Defendants violated J.G.'s rights under the Fourth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, the Rehabilitation Act, and state law. On September 30, 2015, the Court granted Defendants' motions for summary judgment on Plaintiff's federal claims and dismissed those claims with prejudice. Gohl v. Livonia Pub. Schs., ___ F. Supp. 3d ___, 2015 WL 5729071, at *20 (E.D. Mich. Sept. 30, 2015). The Court also declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed those claims without prejudice. Id.

1

On October 23, 2015, Plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Sixth Circuit (Dkt. 298). Five days later, Defendants filed their bills of costs (Dkt. 300). The clerk then issued six taxed bills of costs on November 6, 2015 (Dkts. 301, 302, 303, 304, 305, 306). Those taxed bills of costs stated, in bold type, that "[a]fter the taxation clerk has taxed costs, counsel for either side may, within seven (7) days, file motions to review the clerk's action." Id.; see also Fed. R. Civ. P. 54(d)(1). Neither party filed a motion to review the clerk's taxation of costs.

On November 21, 2015, Plaintiff filed the present motion (Dkt. 309), seeking leave to review the Clerk's taxation of costs.

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54, a party may file a motion seeking review of the clerk's taxation of costs within seven days of the clerk's action. Fed. R. Civ. P. 54(d)(1). Because the seven-day time limit in Rule 54(d)(1) is not jurisdictional, this Court "may exercise its discretion to review the merits of an untimely objection to the taxation of costs." Sutter v. Gen. Motors Corp., 100 F. App'x 472, 475 (6th Cir. 2004). The clerk's bills of costs were issued on November 6, 2015. Thus, Plaintiff had until November 13, 2015 to file a motion under Rule 54. Admitting that she did not timely file a motion, Plaintiff requests that the Court excuse the untimeliness. Pl. Br. at 6-7.

Pursuant to Federal Rule of Civil Procedure 6, this Court may, for good cause, extend the time to file a "motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect standard is "strict, and can be met only in extraordinary cases." Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005). Plaintiff must first demonstrate that her failure to meet the deadline was a case of neglect.

Wikerson v. Jones, 211 F. Supp. 2d 856, 858 (E.D. Mich. 2002). Second, Plaintiff must establish that the failure to act was excusable. Id. The appears to be no real dispute that Plaintiff's failure to timely file a Rule 54 motion was the result of neglect. Thus, the Court must determine whether Plaintiff's failure to act is excusable.

The determination of whether a party's neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993). In Pioneer, the Supreme Court set out several factors for courts to balance when determining the existence of excusable neglect, including:

    i.    the danger of prejudice to the nonmoving party;

    ii.    the length of the delay and its potential impact on judicial proceedings;

    iii.    the reason for the delay, including whether the delay was within the reasonable control of the moving party; and,

    iv.    whether the late filing party acted in good faith.

Id.; Howard v. Nationwide Prop. & Cas. Ins. Co., 306 F. App'x 265, 266-267 (6th Cir. 2009).

The Court notes that three of the four Pioneer factors favor Plaintiff. First, there is nothing to suggest that Defendants would be prejudiced if this Court allowed Plaintiff to file their motion. Second, the length of delay — in this case, approximately one week — was short and did not significantly impact the judicial proceedings. And third, there is no reason to believe that Plaintiff's counsel acted in bad faith.

Nevertheless, the reason for a party's delay "is the most important [factor] to the excusable neglect inquiry." Symbionics Inc. v. Ortlieb, 432 F. App'x 216, 219 (4th Cir. 2011); accord United States v. Cerno, 220 F. App'x 822, 823 (10th Cir. 2007); Graphic Commc'ns Int'l

3

Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000). Courts have routinely rejected untimely filings "where the only triggering Pioneer factor was . . . a mistake made by counsel." Jarvis v. Parker, 13 F. Supp. 3d 74, 79 (D.D.C. 2014) (collecting cases); Inst. for Policy Studies v. U.S.C.I.A., 246 F.R.D. 380, 383-384 (D.D.C. 2007) ("If a simple mistake made by counsel were to excuse an untimely filing, 'it [would be] hard to fathom the kind of neglect that we would not deem excusable.'" (quoting Lowry, 211 F.3d at 464)).

Plaintiff's counsel puts forth several reasons to explain her failure to file a timely motion. Plaintiff first claims that the delay was the result of "an inadvertent calendaring of diary dates." Pl. Mot. at 3. Plaintiff also states that there was "a transition of support staff." Pl. Br. at 6. Plaintiff's counsel further asserts that she "only recently became directly involved in the handling of this matter due to the previous attorneys having left the firm," id., and she "inadvertently did not see the Bill of Cost and the Taxed Bill of Cost," id. at 8.

In response, Defendants argue that Plaintiff has failed to carry her burden of demonstrating excusable neglect because these "seemingly inconsistent excuses" do "not explain with sufficient precision and clarity the reason for [Plaintiff's counsel's] failure to meet the filing deadline." Defs. Br. at 2-3.[1] The Court agrees with Defendants for three reasons.

First, Plaintiff claims that there was an inadvertent calendaring of events. However, Plaintiff does not offer any explanation of when the calendaring of events occurred or who was responsible for such actions. While Plaintiff does state that there was a transition of support staff, she does not logically connect this supposed reason with the allegedly inadvertent

---

[1] Plaintiff has effectively conceded this argument by not replying to it. See Nat'l Sec. Counselors v C.I.A., 898 F. Supp. 2d 233, 268 (D.D.C. 2012) ("[T]he Court may treat the plaintiff's failure to oppose the defendant's 12(b)(6) arguments as a decision to concede those arguments.").

calendaring. Rather, it remains unclear who was actually responsible for the inadvertent calendaring. Regardless, counsel's inadvertence in calendaring the clear and unambiguous deadline to file a Rule 54 motion in this case does not constitute excusable neglect. See, e.g., Shorette v. Harrington, 234 F. App'x 3, 5 (2d Cir. 2007) (law office's calendaring error does not constitute excusable neglect); Halmon v. Jones Lang Wootton USA, 355 F. Supp. 2d 239, 242 (D.D.C. 2005) (describing as "lame" counsel's excuse that she "did not place the due date on her calendar"); cf. Brittingham v. Wells Fargo Bank, N.A., 543 F. App'x 372, 374 (5th Cir. 2013) (affirming district court decision that the "calendar error" at counsel's firm did not constitute excusable neglect).

Second, Plaintiff's counsel states that she only recently became involved in this case and she inadvertently did not see either the bills of costs or the taxed bills of costs. However, she does not state when her involvement in the case began. Was it before or after the clerk issued the bills of costs? Was it before or after the deadline to file the Rule 54 motion had passed? Without any sort of timeframe within which to place Plaintiff's counsel's involvement, the Court is unable to determine whether this reason constitutes excusable neglect. And, again, counsel's inadvertence in seeing the taxed bills of costs generally would not constitute excusable neglect. See Howard, 306 F. App'x at 267.

Third, as it relates to her recent-involvement argument, Plaintiff's counsel claims that her involvement was the result of previous attorneys leaving the firm. However, Plaintiff does not explain who or how many of Plaintiff's attorneys left the firm, and when that occurred. And, as Defendants noted in their response, "there are four additional attorneys listed for Plaintiff on the Court's docket, all of whom received notice through the CM/ECF filing system of the Clerk's six notices taxing costs in this case." Defs. Br. at 5. Having opted not to reply, Plaintiff does not

offer any explanation for why these other attorneys were unable to timely file a Rule 54 motion.

Amidst the confusion that surrounds Plaintiff's asserted explanations for why counsel failed to timely file a motion for review of the clerk's taxation of costs, the Court is unable to determine the actual reason for Plaintiff's counsel's neglect. 4B Charles A. Wright, et al., Federal Practice & Procedure § 1165 at 634 (4th ed. 2015) ("[T]he movant should allege the facts constituting excusable neglect and the mere assertion of excusable neglect unsupported by facts has been held to be insufficient."). Absent any factual substantiation to support Plaintiff's reasons for delay, a finding of excusable neglect in this case would be inconsistent with the Sixth Circuit's jurisprudence limiting excusable neglect to "extraordinary cases." Turner, 412 F.3d at 650. And although Plaintiff argues that "it is not fair or proper for Plaintiff herself to be penalized for [her attorney's] mistake," Pl. Br. at 8, the Supreme Court has expressly rejected such an argument. See Pioneer, 507 U.S. at 396 ("[C]lients must be held accountable for the acts and omissions of their attorneys."); see also Howard, 306 F. App'x at 267-268 (same).

Therefore, the Court concludes that Plaintiff has not demonstrated excusable neglect.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for leave to file a motion reviewing the clerk's taxation of costs (Dkt. 309).

SO ORDERED.

Dated: May 16, 2016                        s/Mark A. Goldsmith
     Detroit, Michigan                MARK A. GOLDSMITH
                                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 16, 2016.

s/Karri Sandusky
Case Manager
