UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN GOHL, as Next Friend of J.G.,

        Plaintiff,

                                        Case No. 12-cv-15199

v.

                                        HON. MARK A. GOLDSMITH

LIVONIA PUBLIC SCHOOLS, et al.,

        Defendants.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS TO WRITS OF GARNISHMENT
(Dkts. 326-328) AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR A STAY
(Dkt. 336)**

This matter is before the Court on Plaintiff Lauren Gohl's objections to writs of garnishment (Dkts. 326, 327, 328), for which a hearing was held on April 25, 2017.[1] For the reasons that follow, Plaintiff's objections are overruled.

**I. BACKGROUND**

Plaintiff Lauren Gohl, in her representative capacity as next friend of her son J.G., brought an action alleging multiple violations of federal and state law relative to Defendants' treatment of her son and his disability. Each of the twelve Defendants brought a motion for summary judgment, and the Court determined that Defendants were entitled to summary judgment on the federal claims. See Gohl v. Livonia Public Schools, 134 F. Supp. 3d 1066 (E.D. Mich. 2015). The Court dismissed without prejudice Gohl's state-law claims because the case no longer retained a federal

---

[1] Following the hearing, the Court granted Gohl leave to file a motion to stay, which she did (Dkt. 336). The motion argued that the matter should be stayed pending appeal because the Supreme Court might grant Gohl's petition for a writ of certiorari. Since that time, the Supreme Court has denied the petition. 138 S. Ct. 56 (2017). Accordingly, the motion is denied as moot.

1

character. Id. On appeal, the Sixth Circuit affirmed this Court, 836 F.3d 672 (6th Cir. 2016), and the Supreme Court denied a writ of certiorari, 138 S. Ct. 56 (2017).

Following judgment in the case, Defendants filed for three writs of garnishment against property of Gohl for unsatisfied costs (Dkts. 323-325). Gohl objected to the writs. See Gohl Objections (Dkts. 326-328). Defendants responded (Dkts. 330-332) and Gohl filed replies (Dkts. 333-335).

## II. DISCUSSION

The Federal Rules of Civil Procedure provide that a minor may not represent himself in an action. See Fed. R. Civ. P. 17(c). The Rules also require that a court appoint a next friend or guardian ad litem when a minor has no previously appointed representative. See Fed. R. Civ. P. 17(c)(2). In this case, upon Plaintiff's motion, the Court appointed Ms. Gohl as next friend of her son under Rule 17 of the Federal Rules of Civil Procedure. See 11/27/2013 Text-Only Order. However, the Federal Rules are silent on the subject of costs as it relates to an appointed representative.

In her objections, Gohl argues that she is not responsible for costs because she is only involved in the litigation in her representative capacity as next friend of her son, citing K.C. v. Schucker, No. 02-2715, 2014 WL 11537828 (W.D. Tenn. Feb. 25, 2014). Due to her limited involvement, Gohl argues that the writs of garnishment are improper and should be quashed. Defendants respond that Gohl's argument is unsupported by Michigan law, which provides that a next friend is the real party in interest in the action. See Stanke, ex rel. Isabella Bank and Trust v. Stanke, No. 263446, 2008 WL 216071 (Mich. Ct. App. Jan. 24, 2008). Under Michigan law, Defendants argue, when a next friend is appointed on behalf of a minor, the next friend is

2

responsible for the costs of the action. See Mich. Ct. R. 2.201(E)(1). Gohl argues that the Michigan law does not apply in this federal case.

Each party makes some valid points. Gohl is correct that Michigan law does not govern this case, as costs are addressed under the Federal Rules of Civil Procedure. See Rowland v. Patterson, 852 F.2d 108, 110 (4th Cir. 1988) ("Federal courts apply federal rules of procedure, both those promulgated in the Federal Rules of Civil Procedure as well as wholly judge made procedural rules, unless the Erie doctrine commands otherwise.") (citing Hanna v. Plummer, 380 U.S. 460 (1965)).[2] The Federal Rules do incorporate state law regarding "the procedure on execution" of any money judgment. Fed. R. Civ. P. 69(a)(1) ("The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located…."). But a natural reading of the phrase "the procedure on execution" does not suggest that it embraces who is substantively liable for costs. The party liable for costs remains an exclusively federal issue.

The case cited by Gohl on this point, Schucker, is not persuasive. In that medical malpractice case, costs were awarded to the defendants against the minor and her mother as next friend, but the next friend's liability was without any personal liability. There are a few problems with this decision: (i) it is a decision by a clerk's office, rather than the opinion of a judicial officer; (ii) it cites no authority for insulating the next friend from personal liability; (iii) it offers no reasoning; and (iv) it is not even clear that the issue was a contested one. This Court will not follow that decision.

---

[2] Because Plaintiff brought this case under the Court's federal question jurisdiction, the Erie doctrine does not apply. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

3

Neither side has presented any other decision addressing this issue. The Court's own research suggests that there are precedents pointing in different directions. Compare Reynolds v. Great Northern Ry. Co., 206 F. 1003, 1004 (E.D. Wash. 1913) ("' . . . [I]t is the general rule that, in an action prosecuted by a next friend for an infant, the infant is not primarily liable for costs of an unsuccessful suit. These must be borne, in the first instance, by the next friend or guardian ad litem, and this very liability has frequently been said to be one of the reasons for the appointment of a next friend or guardian ad litem.'") (quoting 14 Ency. of Pl. and Pr. 1044), with S.G. by and through S.M.G. v. Walt Disney Parks and Resorts US, Inc., No. 6:14-1899, 2017 WL 3065212 at *5 (M.D. Fla. July 19, 2017) ("Modern cases impose liability for costs either directly on the minor, the real party in interest, or on the next friend or guardian in a representative capacity as one who controls the minor or ward's financial interests.").

Without any guidance from the Sixth Circuit, this Court concludes that the next friend should be responsible for the costs. She initiated the suit and controlled it. She hired the attorneys and was ultimately responsible for making key decisions in the case, such as settlement or appeal. The next friend, like the guardian ad litem, "is appointed as a representative of the court to act for the minor in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation." Noe v. True, 507 F.2d 9, 12 (6th Cir. 1974).[3] Gohl's child may well be the real party in interest, see, e.g., Helminski v. Ayerst Laboritories, 766 F.2d 208, 213 (6th Cir. 1985) ("Initially, we note that the minor is the real party in interest in a suit brought by a next friend."), but he obviously played no role in deciding to file suit or in controlling its course. Further, the

---

[3] Although Noe involved a guardian ad litem, rather than a next friend, that appears to be a technical distinction without significance. A minor plaintiff sues by next friend while a minor defendant defends by guardian ad litem, but the "duties and powers of a minor's representative in litigation are . . . identical regardless of which title appropriately applies." See Decanay v. Mendoza, 573 F.2d 1075, 1076 n. 1 (9th Cir. 1978).

4

potentiality of the next friend being responsible for costs provides some incentive to act prudently in making litigation decisions. Without that possibility of personal liability, a next friend would have a blank check in conducting litigation, thereby creating no disincentive to filing frivolous claims. If no such disincentive existed, it is easy to imagine defendants and courts being saddled with meritless suits. Imposing costs on the next friend makes sure that Rule 54(d)(1)'s command that costs "should be awarded to the prevailing party" does not become a dead letter.

For these reasons, the Court concludes that a next friend is responsible for costs.

### III. CONCLUSION

The Court overrules Gohl's objections (Dkts. 326-328), and sustains the writs of garnishment (Dkts. 323-325) as initially issued.

SO ORDERED.

Dated: March 2, 2018                      s/Mark A. Goldsmith
    Detroit, Michigan                MARK A. GOLDSMITH
                                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2018.

                                                    s/Karri Sandusky
                                                    Case Manager